CLAY, Circuit Judge,
dissenting.
When reviewing a district court’s grant or denial of a motion to suppress, this *321 Court must view the evidence “in the light most likely to support the district court’s decision,” which in this case would be the light most favorable to Defendant. United States v. Marxen, 410 F.3d 326, 328 (6th Cir.2005) (quoting United States v. Navarro-Camacho, 186 F.3d 701, 705 (6th Cir.1999)) (internal quotation marks omitted). Moreover, a district court’s determination regarding a motion to suppress “will be affirmed on appeal if the district court’s conclusion can be justified for any reason.” See United States v. Hardin, 539 F.3d 404, 417 (6th Cir.2008) (internal quotation marks omitted). The majority’s reasoning in remanding this case for further proceedings fails to adhere to these principles.
First, the majority assumes that the district court looked at Officer Atnip’s subjective intentions when evaluating Defendant’s motion to suppress. The task of the district court was to determine whether, under the totality of the circumstances, there was probable cause to believe Defendant committed a moving or parking violation. See United States v. Lapsins, 570 F.3d 758, 764 (6th Cir.2009) (citing Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). The majority approvingly quotes the following language from United States v. Ferguson:
We focus not on whether a reasonable officer “would” have stopped the suspect (even though he had probable cause to believe that a traffic violation had occurred), or whether any officer “could” have stopped the suspect (because a traffic violation had in fact occurred), but on whether this particular officer in fact had probable cause to believe that a traffic offense had occurred, regardless of whether this was the only basis or merely one basis for the stop.... We note that this probable cause determination, like all probable cause determinations, is fact-dependent and will turn on what the officer knew at the time he made the stop.
8 F.3d 385, 391 (6th Cir.1993) (en banc) (first emphasis added).
In granting Defendant’s motion to suppress, the district court stated that moving and parking violations “did not play a role in Officer Atnip’s decision to stop Defendant.” (R. 33.) This language does not, as the majority seems to contend, establish that the district court impermissibly considered Officer Atnip’s subjective intentions. To the contrary, the probable cause determination is fact dependent and turns on whether Officer Atnip “in fact had probable cause to believe that a traffic offense had occurred.” See Ferguson, 8 F.3d at 391. In granting the motion to suppress, the district court stated that “the fact that Atnip prompted Defendant to drive away by pulling up behind his vehicle before flaring his lights further suggests that a parking violation did not form any basis for the stop.” (R. 33.) Such a statement does not evidence a focus by the district court on the officer’s subjective intent, but rather represents an objective look at the factual context surrounding the stop to determine whether, under the totality of the circumstances, there was probable cause. Indeed, at the suppression hearing, the district judge explicitly stated that the alleged moving and parking violations constituted an “after-the-fact reliance” by the government and commented that it “sticks out like a sore thumb” that the alleged violations were an “after-the-fact justification” for the traffic stop and subsequent search of Defendant’s vehicle. (Suppression Hr’g Tr. 106, 108.) Moreover, the district court implicitly acknowledged that no moving or parking violations occurred when it noted that various cases cited by the government in support of its position included circumstances not present in the instant case, including “moving or parking violations.” (R. 34.)
*322 Second, after erroneously concluding that the district judge impermissibly looked at Officer Atnip’s subjective intentions, the majority concludes that it is unclear whether Officer Atnip had probable cause to make the traffic stop. Again, the probable cause determination turns on “what the officer knew at the time he made the stop.” Ferguson, 8 F.3d at 391. If an officer “only discover[s] after the stop or the arrest that the suspect had committed a traffic violation, a court could not find that probable cause existed. Such a stop would be unreasonable under the Fourth Amendment.” Id.
Not only did Officer Atnip not issue Defendant a traffic citation, but in his investigative report Officer Atnip stated that he pulled Defendant over for “possible theft investigation and to check his welfare (lost or intoxicated).” (Appellee App. 17.) Three days after Officer Atnip stopped Defendant, at a preliminary hearing in state court, Officer Atnip testified that he stopped Defendant for suspicious activity and to ascertain the welfare of the driver. He did not claim that Defendant violated any traffic laws. Instead, when asked, Officer Atnip stated that he could have issued Defendant a citation for “[ojbstructing a passageway.” (Suppression Hr’g Tr. 108.) When asked whether he could think of any other reason he could have cited Defendant, Officer Atnip stated that he could not think of any other reasons.
Almost a year and a half after the stop, at the suppression hearing, Officer Atnip claimed that Defendant also violated Nashville Municipal Ordinance 12.40.080, which states “[n]o person shall park any vehicle upon a street in such a manner or under such conditions as to leave available less than twelve feet of the width of the roadway for free movement of vehicular traffic.” This assertion is problematic for several reasons. First, Officer Atnip claims Defendant violated this municipal ordinance despite his own testimony three days after the stop that he could not think of any reasons for which he could have cited Defendant other than obstructing a passageway. The majority contends that Officer Atnip could have easily been referring to Nashville Municipal Ordinance 12.40.080 when stating that he could have cited Defendant for “obstructing a passageway,” but there is no basis in the record for that assertion. It is clear, as the district court noted, that this alleged violation was merely an unsupportable after-the-fact justification for the stop.
Further, as photographs illustrate, Defendant paused on a road wide enough to accommodate several cars, and thus it is highly unlikely that there would be less than twelve feet of space left for other vehicles. The government even conceded that there was no problem with blocking the road — otherwise Officer Atnip would not have parked the way he did, where he did — and characterized the nature of Defendant’s stop at the intersection as a situation in which Defendant “paused” at the intersection.[1] (Suppression Hr’g Tr. 123.) Moreover, it is puzzling to think that Officer Atnip could have had probable cause to believe Defendant was in violation of the parking to obstruct ordinance, even though *323 it is clear that Defendant was not actually obstructing traffic.
The district court’s decision must be viewed as a justifiable rejection of Officer Atnip’s testimony regarding the alleged violations and as a determination that Officer Atnip had no basis for concluding that there was a moving or parking violation. Because the government failed to satisfy its burden of establishing probable cause for the stop, the district court properly granted Defendant’s motion to suppress. See United States v. Adler, 590 F.3d 581, 583 (8th Cir.2009).
Viewing the evidence in the light most likely to support the district court’s decision, which in this case is the light most favorable to Defendant, Officer Atnip did not have probable cause to justify the stop. Instead, the alleged violations constitute impermissible after-the-fact justifications. As the majority states, “the government should not begin poring through state and local traffic ordinances looking for any that a suspect might have violated,” Maj. Op. at 316, which is clearly what the government did in this case.
The record shows that the government has repeatedly and belatedly attempted to add alleged violations by Defendant to show probable cause for the stop. Although Officer Atnip initially testified that he could have only cited Defendant for obstructing a passageway, the government argued at the suppression hearing that Officer Atnip could have cited Defendant for violations of Tennessee statute T.C.A. § 39-17-307, Nashville Municipal Ordinance 12.24.060, and Nashville Municipal Ordinance 12.40.080. Moreover, the government attempted on appeal to this Court to add two more alleged violations — violations of T.C.A. § 55-8-160(a)(14) and Nashville Municipal Ordinance 12.40.040(A)(1)(c) — in order to establish probable cause. Tellingly, the government abandoned its argument regarding the alleged violation of T.C.A. § 55 — 8—160(a)(14) after investigation revealed that it was impossible for Defendant to have committed that offense. Such conduct seriously undermines the government’s probable cause argument and evidences the government’s attempts to make after-the-fact justifications for the traffic stop.
For these reasons, I would affirm the district court’s grant of Defendant’s suppression motion. An affirmance would have the added virtue of avoiding the waste of judicial resources resulting from the majority’s unnecessary remand of this case.
I therefore respectfully dissent.

. The majority states that whether Defendant actually violated Nashville Municipal Ordinance 12.40.080 is irrelevant and that what actually matters is whether, at the time of the stop, Officer Atnip reasonably believed Defendant violated the ordinance. However, the evidence demonstrates that the circumstances were insufficient to warrant Officer Atnip’s belief that Defendant committed a traffic violation. Thus, Officer Atnip could not have reasonably believed that Defendant was violating Nashville Municipal Ordinance 12.40.080.